PHINEHAS STONE *versu:* CALEB SYMMES Junior.

*W.* being indebted to the plaintiff in the sum of $ 10·31 agreed to pay him in labor the plaintiff saying, that when he was ready he would call on W. Afterwards W. agreed to work for the defendant ; and while he was so employed, the plaintiff went with him to the defendant, and asked the defendant if he would give W. up ; but the defendant replied, that he would not, and that he would see the debt paid or would pay the debt ; and W., in consequence of such promise, remained in the defendant's employment. The Court were inclined to think, that there was a sufficient consideration for the promise of the defendant, in the benefit which he receive.. from the continuance of W. in his employment ; but they *held,* that, as there was no evidence that the plaintiff discharged his claim against W., such promise, not being in writing, was void by the statute of frauds.

THIS was an action of assumpsit, brought upon an alleged promise of the defendant to pay a debt due from Benjamin Woodward to the plaintiff.

In the Court of Common Pleas, the parties stated a case.

It appeared by the testimony of Woodward, that in the spring of 1834, he was indebted to the plaintiff in the sum of $ 10·31, and agreed to pay him in labor ; that the plaintiff. being about to build a house, told the witness, that he would call on him, when he, the plaintiff, should be ready ; that on June 17th, 1834, the witness agreed to work for the defendant at the rate of one dollar per day, until the last of August ; that the witness accordingly entered into the defendant's employment ; that in the latter part of June, the plaintiff went with the witness to see the defendant ; that the plaintiff said to the defendant that he must have the bill paid or Woodward's work, and asked him if he would give Woodward up ; that the defendant replied, that he would not, and that he would see the bill paid or would pay the bill on demand ; that the witness thought, that there was something due to him from the defendant, at that time, and that something was still due, but could not tell how much ; that he was to have eight shillings per day if he worked for the plaintiff ; that the witness considered, that he remained in the defendant's employment by reason of the defendant's agreement to pay the bill ; and that if the defendant had not agreed to pay the bill, the witness would have gone to work for the plaintiff.

The Court of Common Pleas decided, that upon these facts the plaintiff was entitled to recover.

**Stone**
**v**
**Symmes.**

The defendant excepted to this decision, on the ground that the promise made by him was without consideration, and void by the statute of frauds, it being a promise by one to pay the debt of another, and that no new legal or sufficient consideration arose as between the plaintiff and the defendant.

*Jan. 19th,*
*1837.*

*A. W. Austin*, for the defendant, cited *Packard* v. *Richardson*, 17 Mass. R. 122 ; *Perley* v. *Spring*, 12 Mass. R. 297 ; *Williams* v. *Leper*, 3 Burr. 1886 ; *Tileston* v. *Nettleton*, 6 Pick. 509 ; *Cabot* v. *Haskins*, 3 Pick. 83 ; *Forth* v. *Stanton*, 1 Saund. 210 ; *King* v. *Wilson*, 2 Strange, 873 ; *Fish* v. *Hutchinson*, 2 Wilson, 94 ; *Matson* v. *Wharam*, 2 T. R. 80 ; *Anderson* v. *Hayman*, 1 H. Bl. 120 ; *Bourkmire* v. *Darnell*, 1 Salk. 28 ; *Buckmyr* v. *Darnall*, 2 Ld. Raym. 1085 ; *Harris* v. *Huntbach*, 1 Burr. 373.

*Buttrick*, for the plaintiff. This was an original promise made on a sufficient consideration. The least consideration will support it. *Train* v. *Gold*, 5 Pick. 380 The plaintiff had acquired a right to Woodward's services ; and he relinquished this right and discharged his claim against him, in consequence of the defendant's promise. This result was an injury to the plaintiff. Woodward had a control over his own services, and would have worked for the plaintiff, but for the promise of the defendant. The defendant was unwilling to give him up, and, therefore, derived an immediate benefit from the promise. Woodward's services were the fund out of which the plaintiff was to be paid ; and they were assigned to the defendant. *Castling* v. *Aubert*, 2 East, 325. It is not material that there is a collateral claim, if the promise declared on was originally made on a new consideration. *Williams* v. *Leper*, 3 Burr. 1886.

*Jan. 21st*
*1837.*

Putnam J. delivered the opinion of the Court. We are inclined to think, that there was a sufficient consideration for the defendant's promise, in the benefit which he received from the agreement of Woodward to continue to labor for him, instead of leaving his employment and going to work for the plaintiff, according to a previous agreement between the plaintiff and Woodward. The debt due from Woodward to the plaintiff was very small ; and it might have been more advantageous to the defendant to pay the debt of Woodward to the

plaintiff, and have Woodward continue on his labor for the defendant, than it would have been to have Woodward leave the defendant's employ under the then existing circumstances.

But there must not only be a good consideration for the promise, but, if it be for the debt of another, it must be in writing, or it will come within the statute of frauds, and may be avoided. If the debt of Woodward to the plaintiff was discharged, then this might be considered as an original undertaking of the defendant, and so would not come within the statute. And that is the true criterion to be observed in the present case.

Now we do not think that there is any evidence in the case to show, that the plaintiff did discharge his claim against Woodward. The case finds, that the plaintiff said, that he must have the bill paid or have Woodward's work. But he got neither one nor the other. He got only a promise of the defendant to pay the debt which was due from Woodward to the plaintiff, and Woodward continued to work for the defendant.

It would, perhaps, have been sufficient, if the plaintiff had then expressly discharged Woodward in consideration of the defendant's promise, so relying upon it as an original undertaking, and upon the loss of his claim against Woodward, as the consideration for the promise of the defendant; but there is no evidence of such an express discharge; and no facts are stated from which even an implied discharge of Woodward is to be necessarily inferred. Woodward's liability to the plaintiff continued. At most, the plaintiff agreed to suspend his claim for such time as he pleased, but not to abandon or discharge it at all events. So the debt which the defendant undertook to pay was the debt of Woodward which was due to the plaintiff, and not the defendant's own debt; and the case, we all think, comes precisely within the true intent and meaning of the statute.

The judgment of the Court of Common Pleas is reversed, and the plaintiff is to become nonsuit.